UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE MANN and DAVID MANN,

    Plaintiffs,

v.                                        Case No.:  2:24-cv-244-SPC-KCD

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

# ORDER

Before the Court is Defendant Scottsdale Insurance Company's Renewed Motion for Appraisal and to Stay. (Doc. 18.)[1] Plaintiffs Diane and David Mann oppose the motion, arguing Scottsdale waived its right to invoke appraisal. (Doc. 27.) For the reasons below, the motion is granted.

## I. Background

This is a breach of contract case stemming from Hurricane Ian. Shortly after the storm hit in September 2022, Plaintiffs submitted an insurance claim to Scottsdale. Scottsdale paid for some of the damage, but Plaintiffs claim more is owed under the policy. Before suing, Plaintiffs sent Scottsdale a Notice of Intent to Initiate Litigation. This suit followed in state court on February 27,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, history, and alterations have been omitted in this and later citations.

2024. (Doc. 5.) A little over two weeks later, Scottsdale demanded appraisal of the claim as allowed under the parties' insurance contract. Plaintiffs rejected that demand, and now Scottsdale moves to compel appraisal. (Doc. 16.)

## II. Discussion

Before turning to the merits, the Court must address the conduct of Plaintiff's counsel—Attorney Ardalan Montazer. This Court's local rules require "that each motion filed . . . contain a certificate indicating that the moving party has conferred with opposing counsel." *Soares v. Goncalves*, No. 6:22-CV-1268-CEM-EJK, 2022 WL 19517924, at *1 (M.D. Fla. Sept. 16, 2022) (citing Local Rule 3.01(g)). The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good-faith effort to resolve the motion. *See* Doc. 6 at 6-7; *Rigney v. Livingston Fin., LLC*, No. 6:12-CV-617-ORL-18TBS, 2012 WL 12915480, at *1 (M.D. Fla. Dec. 4, 2012).

Scottsdale repeatedly tried to meet Rule 3.01(g). But every effort to confer with Montazer was either ignored or met with outright hostility. (*See* Doc. 18, Exs. 1-14.) Take this exchange for example. After Scottsdale asked to schedule a phone conference to discuss appraisal, Montazer responded:

> There is no appraisal that is fraudulent answer the lawsuit[.]

(Doc. 18-14.) That's far from the worst of it. In a later email exchange, Montazer had this to say:

> We do not care what you're demanding we were forced to file a lawsuit and that's what we did. **Answer the complaint or I'll start unisetting depos and the first person I'm deposing is the ceo of nationwide and next I will file a new crn everyday and make a supplemental claim weekly. This will never end**, now is the time to make the right decision[.]

(Doc. 18-5 (emphasis added).)

This is unacceptable. Montazer's conduct not only violates Local Rule 3.01(g), it also displays an utter lack of professionalism. No matter the acrimony that may accompany a dispute, "it goes without saying that attorneys and litigants should conduct themselves in the spirit of cooperation." *Brantley v. Ferrell Elec., Inc.*, 112 F. Supp. 3d 1348, 1380 (S.D. Ga. 2015). Professionalism is mandatory, not optional. **By June 4, 2024, Attorney Ardalan Montazer must show cause why he should not sanctioned and referred to the grievance committee under Local Rule 2.04.** *See Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306 (11th Cir. 2002) (trial court has inherent power to sanction errant lawyers).

Turning to the merits, appraisal is a form of alternative dispute resolution that sets a disputed loss amount. *See State Farm Fla. Ins. Co. v. Crispin*, 290 So. 3d 150, 151 (Fla. Dist. Ct. App. 2020). When an insurance policy has an appraisal provision, "the right to appraisal is not permissive but is instead mandatory, so once a demand for appraisal is made, neither party

3

has the right to deny that demand." *McGowan v. First Acceptance Ins. Co., Inc.*, 411 F. Supp. 3d 1293, 1296 (M.D. Fla. 2019). Appraisal is strongly preferred. *See Breakwater Commons Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-CV-31-JLB-NPM, 2021 WL 1214888, at *2 (M.D. Fla. Mar. 31, 2021).

The underlying policy includes an appraisal provision. (Doc. 11-2 at 44.) Scottsdale concedes that some of Plaintiffs' damages are covered, but it disputes the total amount of loss. Thus, "[a]ppraisal is appropriate here given that Scottsdale has admitted that at least some of the loss is covered by the Policy but disputes the amount of its liability." *Levi Holding, LLC v. Scottsdale Ins. Co.*, No. 2:18-CV-361-FTM-99CM, 2018 WL 3575082, at *3 (M.D. Fla. July 25, 2018).

Still, Plaintiffs contend that Scottsdale waived its right to appraisal by failing to provide the notice required under Fla. Stat. § 627.7015(2), which states, "[a]t the time of issuance and renewal of a policy or at the time a first-party claim within the scope of this section is filed by the policyholder, the insurer shall notify the policyholder of its right to participate in the mediation program under this section." *Id.* Without this notice, an insured need not participate in appraisal:

> (7) If the insurer fails to comply with subsection (2) by failing to notify a policyholder of its right to participate in the mediation program under this section or if the insurer requests the mediation, and the mediation results are rejected by either party, the policyholder is not required to submit to or participate in any contractual loss appraisal process of the

4

> property loss damage as a precondition to legal action for breach of contract against the insurer for its failure to pay the policyholder's claims covered by the policy.

Fla. Stat. § 627.7015(7).

Plaintiffs' argument fails because Scottsdale, as a surplus lines insurer, is not required to comply with § 627.7015(2). *See Reynolds Ventures, Inc. v. Scottsdale Ins. Co.*, No. 2:18-cv-306-FtM-29MRM, 2018 WL 4215947, at *3 (M.D. Fla. Sept. 5, 2018). "Therefore, the section cited by [P]laintiff[s] is inapplicable . . . and does not relieve [them] of the appraisal provision." *Id.*

Not to be denied, Plaintiffs also argue that Scottsdale waived its right to appraisal by not making its demand pre-suit. (Doc. 27 at 4.) But there is no legal requirement that appraisal be sought before litigation. *See Lemcke as Tr. of LD Tr. Under Irrevocable Tr. v. Scottsdale Ins. Co.*, No. 2:24-CV-46-JLB-KCD, 2024 WL 991810, at *1 (M.D. Fla. Feb. 27, 2024) ("[A]n appraisal clause may be invoked for the first time after litigation has commenced."). And Plaintiffs point the Court to no policy provision that has such a timing requirement. *See Am. Cap. Assur. Corp. v. Courtney Meadows Apartment, L.L.P.*, 36 So. 3d 704, 707 (Fla. Dist. Ct. App. 2010) (indicating appraisal demand was timely as policy did not contain any language to invoke appraisal within set time from receiving or waiving sworn proof of loss).

There is an "overwhelming preference in Florida for the resolution of conflicts through any extra-judicial means . . . for which the parties have

themselves contracted." *McGowan*, 411 F. Supp. 3d at 1296. Given this preference, and with no facts showing waiver, the motion to compel appraisal will be granted.

According, it is **ORDERED**:

1. Defendant's Renewed Motion for Appraisal and to Stay (Doc. 18) is **GRANTED**.

2. This case is **STAYED** pending appraisal, and the Clerk must add a stay flag to the file and **ADMINISTRATIVELY CLOSE THE CASE**.

3. The parties are **DIRECTED** to file a joint report on the status of appraisal by **August 21, 2024**, and every ninety days after that until appraisal has ended.

4. Within 15 days of a signed appraisal award, the parties are **DIRECTED** to jointly notify the Court of (a) what issues, if any, remain for the Court to resolve; (b) whether the stay needs to be lifted; and (c) how this action should proceed, if at all.

5. By **June 4, 2024**, Plaintiffs' counsel—Attorney Ardalan Montazer—must show cause why he should not sanctioned and referred to the grievance committee under Local Rule 2.04. The Court's consideration of this issue is outside the stay of the merits of the case.

**ENTERED** in Fort Myers, Florida on May 29, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record